1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona

3  ADAM R. SMART
   Assistant United States Attorney
4  N.C. State Bar No. 31797
   Two Renaissance Square
5  40 North Central Avenue, Suite 1200
   Phoenix, AZ  85004-4408
6  Telephone:  (602) 514-7500
   Fax:  (602) 514-7760
7  Adam.Smart@usdoj.gov

8  *Attorneys for the Federal Bureau of Investigation*

9
                    UNITED STATES DISTRICT COURT
10
                        DISTRICT OF ARIZONA
11

12  Abdul Khabir Wahid,                          CV-15-01088-PHX-JJT (BSB)

13                    Plaintiff,              **THE FEDERAL BUREAU OF**
                                              **INVESTIGATION'S OPPOSITION**
14         v.                                 **TO PLAINTIFF'S MOTION TO**
                                              **AMEND**
15  The Federal Bureau of Investigation,

16
                    Defendant.
17

18        Defendant, the Federal Bureau of Investigation ("FBI"), through undersigned

19  counsel, hereby opposes Plaintiff's motion to amend to convert this civil case from a

20  motion to return property to a motion to unseal the affidavit supporting the search warrant

21  used to seize the property at issue because the amendment is futile.  Plaintiff has

22  conceded that Defendant should prevail on its motion to dismiss Plaintiff's complaint

23  seeking return of property.  (Doc. 19, p. 2) ("Plaintiff does admit that the F.B.I. has met

24  its responsibility and has returned the property.").  However, any amendment to change

25  the case to one seeking to unseal the affidavit would be pointless because the affidavit

26  has already been unsealed.  In addition, to the extent Plaintiff seeks to make a claim

27  related to discovery or to use the proposed amended complaint as a de facto discovery

28  request that too would be futile as courts do not recognize such causes of action.  Because

these new claims are moot and not cognizable, the Court should deny the motion to amend as futile, and dismiss the civil action with prejudice.

## I.    Background

On June 10, 2015, agents for the FBI executed a search warrant at the home located at 3407 W. Port Au Prince Lane, Phoenix, Arizona.  (*See* Doc. 1, p. 2, p. 8 (first page of warrant); Declaration of Robert Byrne, ¶ 5 (Doc. 17-1)).  During the course of executing that warrant the FBI seized several items located in the house, including several cell phones and computers.  (*See* Doc. 1, p. 6; Doc. 17-1, ¶ 5).  Plaintiff, Abdul Khabir Wahid was present at the residence at the time the warrant was executed, and was given a copy of the first page of the warrant and a list of the items seized (Doc. 17-1 ¶ 6; Doc. 1, pp. 7-8; Ex. A to Byrne Declaration (seizure inventory) (Doc. 17-2)).  Five days later, on June 15, 2015, Plaintiff filed a motion for return of property, seeking the return of the cell phones and computers seized during the execution of the search warrant. (Doc. 1, p. 4, 3rd full paragraph, p. 5, 2nd full paragraph).  That same afternoon, the FBI returned one of the cell phones Plaintiff requested returned in his motion.  (Doc. 17-1, ¶ 8; Ex. B to Byrne Declaration (Receipt for Property) (Doc. 17-3)).  Then on June 23, 2015, the FBI returned the rest of the computers and cell phones that Plaintiff sought return of in his motion.  (Doc. 17-1, ¶¶ 10, 12; Exs. C-D to Byrne Declaration (Receipts for Property) (Doc. 17-4, 17-5)).  On April 6, 2016, Defendant filed its motion to dismiss Plaintiff's motion for return of property on the basis that all of the property Plaintiff was seeking had already been returned to Plaintiff.  (Doc. 17).  Instead of responding to the motion, Plaintiff filed a motion to amend his complaint, conceding that Defendant should prevail on its motion to dismiss, and instead now seeking to unseal the affidavit that supported the search warrant identified above.  (Doc. 19, p. 2).  However, according to the Clerk's office, the affidavit was unsealed yesterday, June 9, 2016, so his motion is pointless.  *See* 15-9155MBB

## II.     Legal Standard – Motion to Amend

Under the current procedural posture, Fed. R. Civ. P. 15 controls.  While Fed. R. Civ. P. 15(a) allows a party to amend his complaint by leave of the court at any time, and such leave "shall be freely given when justice so requires," denial of a motion for leave to amend is proper where there is bad faith, undue delay, prejudice to the opposing party, or futility of the amendment.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.*; *Ajanovic v. O.F.F. Enterprises, Ltd.*, CV10-02487-PHX-DGC, 2012 WL 2285319, at *3 (D. Ariz. June 18, 2012).

## III.     Argument

Plaintiff initiated this action by filing a motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g).  Case law establishes that when such a motion is filed and no criminal proceedings are pending, the motion is treated as a civil complaint.  *See United States v. Ibrahim*, 522 F.3d 1993, 1007 (9th Cir. 2008); *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).  Once Defendant filed its motion to dismiss for lack of jurisdiction as all of the property sought by Plaintiff in the motion had been returned (Doc. 17), instead of responding to Defendant's motion by the May 9, 2016 deadline set forth in this Court's April 7, 2016 Order (Doc. 18), Plaintiff filed his motion to amend.  In that motion to amend Plaintiff conceded that Defendant could prevail on its motion to dismiss with respect to Plaintiff's original motion for return of property.  (Doc. 19, p. 2) ("Plaintiff does admit that the F.B.I. has met its responsibility and has returned the property.").  However, the court now should deny the motion to amend as futile because the affidavit is already unsealed.  *Mackinney v. Nielsen*, 152 F.3d 927 (9th Cir. 1998).

Plaintiff has also included with his motion to amend a demand for documents and information related to the warrant at issue, which is essentially a request for discovery.  However, a request for information or failure to provide discovery is not a cause of action, and without an active cause of action there is no basis to serve discovery on the

United States or its agencies. *See Zigmund v. Tetreault*, No. 395CV2213(AHN)DFM, 1997 WL 695502, at *3 (D. Conn. Oct. 10, 1997) (there is no cause of action relating to a failure to respond to discovery); *Marozsan v. United States*, 849 F. Supp. 617, 645 (N.D. Ind. 1994), *aff'd*, 90 F.3d 1284 (7th Cir. 1996) ("There is no recognized civil cause of action for the failure or refusal of a party to provide discovery.  Rule 37 of the Federal Rules of Civil Procedure, not a separate lawsuit, represents the proper and available remedy for an adversary's non-compliance with discovery requests.").  Accordingly, the Court should refuse to allow Plaintiff to amend his complaint to a type of discovery request/complaint about not obtaining discovery from the United States or its agencies, as that claim is also futile.

**IV.    Conclusion**

For the foregoing reasons, the Court should deny Plaintiff's motion to amend his complaint, as it would be futile.

Respectfully submitted this 10th day of June, 2016.

JOHN S. LEONARDO
United States Attorney
District of Arizona


*s/ Adam R. Smart*
ADAM R. SMART
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and served a copy of the attached document and Notice of Electronic Filing to the following non-CM/ECF registrant via U.S. Mail:

Abdul Khabir Wahid
3407 W. Port Au Prince Lane
Phoenix AZ 85053

*s/Brian Wolfe*
Office of the United States Attorney