**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Abdul-Khabir Wahid, | No. CV 15-01088-PHX-JJT (BSB) |
| Plaintiff, | |
| vs. | **ORDER** |
| The Federal Bureau of Investigation, | |
| Defendant. | |

Before the Court are Magistrate Judge Bade's Report and Recommendation (R&R) as to Plaintiff's Abdul-Khabir Wahid's First Amended Complaint and Plaintiff's Second Amended Complaint, which has not yet been screened. (Docs. 34–35.) The Magistrate Judge recommended that Plaintiff's First Amended Complaint be dismissed and that Plaintiff be given leave to file a second amended complaint. (Doc. 34.)

The Court herein adopts the R&R, dismisses Plaintiff's First Amended Complaint, and screens Plaintiff's Second Amended Complaint. The Court will dismiss the Second Amended Complaint with leave to amend.

**I. R&R**

The Magistrate Judge issued the R&R on October 21, 2016, and advised the parties that they had fourteen days to file objections. (Doc. 34 at 6–7, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 6, 72.) On October 25, 2016, just four days after the R&R was issued, Plaintiff filed his Second Amended Complaint against Defendant Todd Kopcha. (Doc. 35.) Thereafter, the Court informed Plaintiff that because the R&R was

pending, Defendant had not yet been directed to respond to the Second Amended Complaint. (Doc. 41.) Meanwhile, no objections to the R&R were filed.

Because the parties did not file objections, the Court need not review any of the Magistrate Judge's determinations on dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 112 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection"). Nonetheless, the Court has reviewed the R&R and finds that it is well-taken and that leave to file a second amended complaint is appropriate. The Court will therefore accept the R&R, dismiss the First Amended Complaint, and screen the Second Amended Complaint.

## II.     Screening

Because the Court granted Plaintiff in forma pauperis status, the Court reviews the Second Amended Complaint pursuant to 28 U.S.C. § 1915, and must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In its assessment, the court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (district court must afford pro se litigant the benefit of any doubt in ascertaining what claims are raised). If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

**III.   Second Amended Complaint**

Plaintiff brings this action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against Federal Bureau of Investigation (FBI) agent Todd Kopcha. (Doc. 35 at 1.) Plaintiff sets forth two claims for relief. In Count I, he alleges that Defendant made false statements in an affidavit submitted in support of a search warrant application in violation of the Fourth Amendment. (*Id.* at 3.) Specifically, Plaintiff states that in his affidavit, Defendant said that Plaintiff conspired to harm others, crossed state lines with firearms with intent to commit violent acts, and deceived the FBI by lying to them. (*Id.*) In Count II, Plaintiff alleges that Defendant's conduct resulted in a threat to Plaintiff's safety in violation of the Fourth Amendment. (*Id.* at 4.) Plaintiff asserts that a result of Defendants' false statements in the affidavit, Plaintiff was perceived as armed and dangerous and the FBI reacted by drawing and aiming their guns at Plaintiff's head when they detained him and removed him at his home in connection with the search. (*Id.*)

**A.   Count I**

In Count I, Plaintiff seeks to assert a claim of judicial deception. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." A government investigator may be liable for violating the Fourth Amendment if he or she submits false and material information in a warrant affidavit. *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002); *Butler v. Elle*, 281 F.3d 1014, 1024–26 (9th Cir. 2002); *see Chism v. Washington*, 661 F.3d 380,

393 (9th Cir. 2011) (a plaintiff has "a constitutional right to not be searched . . . as a result of judicial deception").

To state a § 1983 claim for judicial deception in obtaining a warrant,[1] a plaintiff must allege facts showing (1) that the defendant deliberately or recklessly made false statements or omissions in the affidavit, and (2) that the falsifications were material to the finding of probable cause. *Galbraith*, 307 F.3d at 1126; *see Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). The materiality element requires the plaintiff to demonstrate that "the magistrate would not have issued the warrant with false information redacted, or omitted information restored." *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126 (9th Cir. 1997). A plaintiff must present more than conclusory allegations or a recital of these elements to state a claim for judicial deception. *See Ashcroft*, 556 U.S. at 678.

In Count I, Plaintiff sufficiently alleges the first prong required by *Galbraith*—that Defendant made three deliberately false statements in the affidavit. But Plaintiff fails to sufficiently allege that the falsifications were "material" to the finding of probable cause. *See Galbraith*, 307 F.3d at 1126. He does not indicate how these three statements are false or that Defendant knew or should have known that they were false, nor does Plaintiff allege facts to support that the warrant would not have issued but for these false statements. Without more, the Court cannot determine whether Defendant's statements were material to the finding of probable cause for the warrant. Plaintiff therefore fails to state a claim for judicial deception.

## B. Count II

In Count II, Plaintiff seeks to assert a claim of excessive force during the course of executing a search warrant.

---

[1] Because "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*[,]" cases discussing § 1983 clams apply to *Bivens* claims. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

"Inherent in [the] authorization to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention." *Muehler v. Mena*, 544 U.S. 93, 98–99 (2005). Whether the manner of detention is reasonable is determined by the particular circumstance in the case. *See id.* at 99–100 (use of handcuffs reasonable in detaining occupant where warrant authorized a search for weapons and a wanted gang member); *Hansen v. Schubert*, 459 F. Supp. 2d 973, 989–91 (E.D.Cal. 2006) (it was reasonable for officers executing search warrant to display their weapons and touch occupants in order to move them to the living room). Aiming weapons at a suspect may, in certain circumstances, constitute excessive force. *See Robinson v. Solano Cnty.*, 278 F.3d 1007, 1013–15 (9th Cir.2002) (en banc).

Here, Plaintiff fails to allege the particular circumstances regarding the agents' use of force during execution of the search warrant. He does not allege whether he followed commands when agents arrived at his home and served the warrant, whether he resisted or not, or whether the agents gave warnings before aiming their guns. Without more, Plaintiff fails to establish that the agents' use of force was excessive. Moreover, Plaintiff fails to name as Defendants the "agents" who allegedly used excessive force.

Even assuming that there was a showing of excessive force, Plaintiff acknowledges that the agents executing the search warrant believed, in the circumstances, that their use of force—aiming guns at Plaintiff's head—was necessary in light of Defendant's false representations in the affidavit to support the warrant. Plaintiff claims, however, that such force was in fact unreasonable because he did not pose the threat suggested by Defendant's statements. In only a couple cases have courts recognized an excessive force claim where false statements were a "substantial factor" in causing the use of force. *See Wright v. City of St. Francis, KS*, 95 F. App'x 915, 929–30 (10th Cir. April 20, 2004) (unpublished); *Byrd v. S.F. City and Cnty.*, C 11-01742 DMR, 2013 WL 450369, at *13 (E.D. Cal. Feb. 5, 2013) (granting summary judgment to the defendant on claim that defendant's "false statements set in motion a series of events" that led to use of

excessive force and unlawful detention because the plaintiff presented no evidence that the defendant's statements were false).

Because Plaintiff has failed to state a claim for judicial deception, he also fails to state a claim for excessive force caused by Defendant's allegedly false statements. Also, Plaintiff does not allege that Defendant was a supervisor such that he can be liable for setting in motion a "series of acts by others which [he knew] or reasonably should [have known] would cause others to" violate Plaintiff's constitutional rights. *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quotation omitted).

Accordingly, the Court finds that Plaintiff fails to state a claim for excessive force.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Because the complaint may possibly be amended to state a claim, the Court will dismiss it with leave to amend. *See Lopez*, 203 F.3d at 1127–29.

Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above. The Court notes that the affidavit in support of the search warrant, which is the basis of Plaintiff's allegations against Defendant, is part of the record in this matter. (*See* Doc. 26, Attach.) Plaintiff may incorporate the affidavit into his third amended complaint by referencing the relevant parts of the affidavit, identified by paragraph number, that he believes support his claim. **Plaintiff must allege how any identified statement was false and material to granting of the search warrant**.

The Clerk will again mail Plaintiff a court-approved form that he may use for filing a third amended complaint if he so chooses. Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." Plaintiff may include only one claim per count. A third amended complaint supersedes every prior complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat

every prior complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in a prior complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a third amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Local Rule of Civil Procedure 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Report and Recommendation of the Magistrate Judge (Doc. 34) is **accepted**.

(2) Plaintiff's First Amended Complaint (Doc. 28) is **dismissed without prejudice**.

(3) Plaintiff's Second Amended Complaint (Doc. 35) is **dismissed without prejudice**.

(4) Within **30 days** from the date of this Order, Plaintiff may file a third amended complaint in compliance with this Order.

(5)     If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.[2]

Dated this 26th day of April, 2017.

_____
Honorable John J. Tuchi
United States District Judge

---

[2] Although Plaintiff is not a prisoner, Plaintiff may use this form to assist him in presenting his claims to the Court.

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                          U.S. District Court Clerk
U.S. Courthouse, Suite 130                                    U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                    405 West Congress Street
Phoenix, Arizona   85003-2119                              Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
    A certificate of service should be in the following form:

    I hereby certify that a copy of the foregoing document was mailed
    this _____ (month, day, year) to:
    Name:      _____
    Address:_____
                       Attorney for Defendant(s)

    _____
    (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**
1.  Your Name.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**
1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.  Location.   Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**
You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**
You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  Counts.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  Issue Involved.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  Supporting Facts.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  Injury.   State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

### Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

### Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint


## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
(Position and Title)                                                                    (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
(Position and Title)                                                                    (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
(Position and Title)                                                                    (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
(Position and Title)                                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer     ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?     ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                                SIGNATURE OF PLAINTIFF




_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.